Paul E. Smith (#038254)
Isabella Stoutenburg (#038642)
**ASHURST PERKINS COIE US LLP**
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
Facsimile: +1.602.648.7000
paul.smith@ashurstperkins.com
bella.stoutenburg@ashurstperkins.com
DocketPHX@perkinscoie.com

*Attorneys for Defendant Intel Corporation*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Franck Olivier Nanie,<br>Plaintiff,<br>v.<br>Intel Corporation,<br>Defendant. | No. 2:26-cv-07617-PHX-MTL<br><br>**INTEL CORPORATION'S ANSWER TO COMPLAINT FOR RETALIATION** |

Defendant Intel Corporation ("Defendant" or "Intel") answers the Complaint for Retaliation (the "Complaint") by responding as follows to the Complaint's allegations:

## GENERAL DENIAL

Except as specifically admitted or stated herein, Defendant denies each and every allegation contained in the Complaint, including, without limitation, any allegations contained in the preamble, headings, subheadings, or images of the Complaint, and specifically denies any liability to Plaintiff Franck Olivier Nanie ("Plaintiff").[1] Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed as denied. Defendant expressly

[1] The headings of the Complaint are reproduced below solely for ease of reference; to the extent the headings contain factual allegations or characterizations, they are denied.

reserves the right to seek to amend or supplement its Answer as may be necessary.

**NATURE OF THE ACTION**

1. Intel admits that Plaintiff purports to bring an action under 18 U.S.C. § 1514A, invoking 18 U.S.C. § 1514A(b)(1)(B) and 29 C.F.R. § 1980.114(a), and admits that the Secretary of Labor had not issued a final decision on Plaintiff's administrative complaint as of the date the Complaint was filed. Intel denies that it violated 18 U.S.C. § 1514A or any other law, denies that Plaintiff is entitled to any relief, and denies the remaining allegations in Paragraph 1.

2. Intel admits that it employed Plaintiff as a Technology Program Manager from on or about March 14, 2022 through November 6, 2025 and that Plaintiff was assigned to work on Intel's IAO Transformation Program. Intel denies Plaintiff's characterization of his work and of his performance history, and states that Plaintiff's performance records reflect their own contents. Intel denies any remaining allegations in Paragraph 2.

3. Intel admits that on September 30, 2025, Plaintiff sent an email from his Intel account to certain Intel personnel, copying others, and that the email attached screenshots. Intel refers to the email itself for its complete contents and denies any characterization of the email inconsistent with those contents.

4. Intel admits that on September 30, 2025, members of its Information Security Global Incident Response team contacted Plaintiff in connection with an ongoing information security investigation concerning Plaintiff's transfer of Intel information to personal, non-Intel accounts and devices; that Plaintiff was asked to remove Intel information from his personal computer; that Plaintiff shipped his Intel laptop and his personal laptop to Intel; and that Plaintiff's system access was suspended on September 30, 2025, at approximately 5:22 p.m. Pacific Time. Intel denies that the contact, the requests, or the suspension of access were caused by, related to, or taken in

response to Plaintiff's September 30, 2025 email. Intel denies any remaining allegations in Paragraph 4.

5. Intel admits that its written discovery responses served in the administrative proceeding identify an internal email dated November 5, 2025, with the subject "InfoSec Investigation - Termination recommendation," and that Intel has not produced that email to Plaintiff because no protective order was entered in the administrative proceeding. Intel admits that it terminated Plaintiff's employment on November 6, 2025. The remaining allegations of Paragraph 5 consist of arithmetic to which no response is required. To the extent a response is required, Intel denies any implication that the timing of these events reflects retaliation, and denies any remaining allegations in Paragraph 5.

6. Intel admits that the termination of Plaintiff's employment was communicated to him orally on November 6, 2025. Intel admits, upon information and belief, that on or about November 20, 2025, Intel's third party unemployment claims administrator responded to Plaintiff's claim for unemployment insurance benefits by stating that Plaintiff was discharged for misconduct. Intel admits that it did not provide Plaintiff a written termination letter but denies that Plaintiff was not informed of the reason for his termination; Plaintiff himself alleges in Paragraph 102 of the Complaint that he was told on November 6, 2025 that Intel data had been found on his personal computer. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the Arizona Department of Economic Security's disposition of Plaintiff's unemployment claim, and therefore denies them and denies that the agency's determination has any bearing on the claim asserted here. Intel denies the remaining allegations in Paragraph 6.

7. Intel admits that on November 6, 2025, it sent Plaintiff a Trade Secret Acknowledgment Form ("TSAF"), that Plaintiff signed and returned it, and that Plaintiff's manager countersigned it. Intel refers to the TSAF for its complete contents

and denies any characterization inconsistent with those contents. Intel denies that the TSAF is a record of, or was intended to identify, the Intel information at issue in its investigation, and denies any remaining allegations in Paragraph 7.

8. Intel admits that Plaintiff purports to seek relief under 18 U.S.C. § 1514A(c) and a trial by jury. The remaining allegations in Paragraph 8 state legal conclusions to which no response is required. To the extent a response is required, Intel denies that Plaintiff is entitled to any relief and denies the remaining allegations in Paragraph 8.

## I. PARTIES

9. Intel admits, upon information and belief, that Plaintiff resided in Maricopa County, Arizona, during his employment with Intel and that he performed his work for Intel from Maricopa County, Arizona. Intel admits that Plaintiff was an employee of Intel, but denies any liability to plaintiff under 18 U.S.C. § 1514A. Intel lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9, and therefore denies them.

10. Intel denies any liability to plaintiff under 18 U.S.C. § 1514A. Intel admits that it is a corporation organized under the laws of the State of Delaware headquartered at 2200 Mission College Boulevard, Santa Clara, California; that it has a class of securities registered pursuant to Section 12 of the Securities Exchange Act of 1934; that it files periodic reports with the Securities and Exchange Commission pursuant to that Act; and that it is a company within the meaning of 18 U.S.C. § 1514A. Intel denies the remaining allegations in Paragraph 10.

11. Intel admits that it conducts business in Arizona, including the operation of semiconductor manufacturing facilities in Chandler, Arizona, and that it maintains a statutory agent for service of process in Arizona. Intel does not contest personal jurisdiction in this action. Intel admits that the communications described in the

Complaint were directed to Plaintiff while he was in Maricopa County, Arizona, upon information and belief. Intel denies any remaining allegations in Paragraph 11.

## II. JURISDICTION AND VENUE

12. Paragraph 12 states legal conclusions to which no response is required. To the extent a response is required, Intel does not contest that this Court has subject-matter jurisdiction over a timely and properly exhausted claim under 18 U.S.C. § 1514A(b)(1)(B). Intel denies any remaining allegations in Paragraph 12.

13. Paragraph 13 states legal conclusions to which no response is required. To the extent a response is required, Intel does not contest that venue is proper in this District. Intel admits, upon information and belief, that Plaintiff resided in Maricopa County, Arizona, during his employment with Intel and that he performed his work for Intel from Maricopa County, Arizona. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's location at the times alleged, and on that basis denies them. Intel denies any remaining allegations in Paragraph 13.

14. Paragraph 14 states legal conclusions to which no response is required. To the extent a response is required, Intel does not contest assignment of this action to the Phoenix Division.

## III. EXHAUSTION AND THE 180-DAY DE NOVO PROVISION

15. Intel admits that Plaintiff filed a complaint with the Secretary of Labor alleging retaliation in violation of 18 U.S.C. § 1514A, that OSHA's Findings record the filing date as April 8, 2026, and that the complaint bears the date April 2, 2026. Intel denies any remaining allegations in Paragraph 15.

16. Intel admits that on May 1, 2026, OSHA issued the Secretary's Findings in the referenced matter. Intel refers to the Secretary's Findings for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel

lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16 and therefore denies them.

17. Intel admits that the Secretary's Findings contain the quoted language. Intel denies that the Findings' timeliness statement extends to any alleged unfavorable personnel action other than the termination of Plaintiff's employment, and denies any remaining allegations in Paragraph 17.

18. Intel admits that Paragraph 18 accurately quotes a portion of the Secretary's Findings, and admits that it is a company within the meaning of 18 U.S.C. § 1514A. Intel denies any liability to Plaintiff under 18 U.S.C. § 1514A.

19. Intel admits that the Secretary's Findings contain the quoted language, including the determination that "Complainant's allegations did not make a prima facie showing." Intel admits that Plaintiff filed written objections to the Findings on May 27, 2026, and that no final decision of the Secretary has issued. The remaining allegations of Paragraph 19 state legal conclusions to which no response is required. To the extent a response is required, Intel denies them.

20. Intel admits that it terminated Plaintiff's employment on November 6, 2025, and that OSHA's Findings record that Plaintiff's administrative complaint was filed on April 8, 2026. The remaining allegations of Paragraph 20 state legal conclusions and arithmetic to which no response is required. To the extent a response is required, Intel denies that any claim based on an unfavorable personnel action taken more than 180 days before April 8, 2026 is timely. Intel denies any remaining allegations in Paragraph 20.

21. Intel admits that on or about May 27, 2026, Plaintiff filed written objections to the Secretary's Findings and requested a hearing before an Administrative Law Judge, and that the matter was docketed as Office of Administrative Law Judges ("OALJ") No. 2026-SOX-00052. Intel denies that Plaintiff's objections have merit and denies the

remaining allegations in Paragraph 21.

22. Intel admits that Plaintiff's May 27, 2026 filing contains the quoted language and that it was served on Intel.

23. Intel admits that October 5, 2026 is one hundred eighty days after April 8, 2026, and admits that the Secretary of Labor had issued no final decision on Plaintiff's administrative complaint as of the filing of the Complaint.

24. Intel admits that Plaintiff served discovery requests in the administrative proceeding, that Plaintiff served written correspondence concerning discovery on or about August 24, 2026, and that no Administrative Law Judge had been assigned to preside over the matter as of September 1, 2026. The allegation that there is no showing of bad faith is a legal conclusion to which no response is required. Intel lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24, and on that basis denies them.

25. Paragraph 25 states legal conclusions to which no response is required. To the extent a response is required, Intel does not contest that 180 days have elapsed since the filing of Plaintiff's administrative complaint without a final decision by the Secretary, but denies that the conditions of 18 U.S.C. § 1514A(b)(1)(B) are satisfied as to any claim, theory, or alleged unfavorable personnel action that was not timely presented to OSHA, and denies any remaining allegations in Paragraph 25.

26. Paragraph 26 states legal conclusions to which no response is required. To the extent a response is required, Intel refers to 29 C.F.R. § 1980.114(c) for its complete and accurate contents and denies any characterization inconsistent therewith. Intel lacks knowledge or information sufficient to form a belief about whether Plaintiff has complied, or will comply, with that regulation, and therefore denies the remaining allegations in Paragraph 26.

## IV. THE COMMISSION RULES THAT ARE THE SUBJECT MATTER OF PLAINTIFF'S BELIEF

27. Intel admits that it has a class of securities registered pursuant to Section 12 of the Securities Exchange Act of 1934 and that it files periodic reports pursuant to that Act. Intel denies the remaining allegations in Paragraph 27.

28. Paragraph 28 purports to characterize a regulation and states legal conclusions to which no response is required. To the extent a response is required, Intel refers to 17 C.F.R. § 240.13a-15 for its complete and accurate contents and denies any characterization inconsistent therewith. Intel admits that it maintains disclosure controls and procedures and internal controls over financial reporting.

29. Paragraph 29 purports to quote a regulation and states legal conclusions to which no response is required. To the extent a response is required, Intel refers to 17 C.F.R. § 240.13a-15(e) for its complete and accurate contents and denies any characterization inconsistent therewith.

30. Paragraph 30 purports to quote a regulation and states legal conclusions to which no response is required. To the extent a response is required, Intel refers to 17 C.F.R. § 240.13a-15(f) for its complete and accurate contents and denies any characterization inconsistent therewith.

31. Paragraph 31 purports to characterize and quote a regulation and states legal conclusions to which no response is required. To the extent a response is required, Intel refers to 17 C.F.R. § 240.13a-14 for its complete and accurate contents and denies any characterization inconsistent therewith.

32. Paragraph 32 purports to characterize and quote a regulation and states legal conclusions to which no response is required. To the extent a response is required, Intel refers to the cited authority notes and to Public Law 107-204 for their complete and accurate contents and denies any characterization inconsistent therewith.

33. Paragraph 33 purports to quote a regulation and states legal conclusions to which no response is required. To the extent a response is required, Intel refers to 17 C.F.R. § 240.13b2-1 for its complete and accurate contents and denies any characterization inconsistent therewith.

34. Paragraph 34 states legal conclusions to which no response is required. To the extent a response is required, Intel admits that the rules cited in Paragraphs 28 through 33 are rules or regulations of the Securities and Exchange Commission, and admits that Plaintiff does not allege that any Intel record was in fact inaccurate or that any person in fact falsified any book, record, or account, and that Plaintiff asserts no claim for any such falsification. Intel denies that Plaintiff held a subjectively and objectively reasonable belief that any conduct he described constituted a violation of those rules, denies that Plaintiff engaged in protected activity, and denies the remaining allegations in Paragraph 34.

## V. FACTUAL ALLEGATIONS

### *A. Plaintiff's employment and his record*

35. Intel admits that it employed Plaintiff as a Technology Program Manager from on or about March 14, 2022 through November 6, 2025, and admits that Plaintiff's annual base salary at the time of his separation was approximately $196,000. Intel denies the remaining allegations in Paragraph 35.

36. Intel admits that Julie Fawdington was Plaintiff's manager, that Candice Linnell was Plaintiff's second-level leader, and that each held supervisory authority over Plaintiff.

37. Intel lacks knowledge or information sufficient to form a belief about the contents of Plaintiff's email signature block at all times through September 2025, and on that basis denies the remaining allegations in Paragraph 37.

38. Intel denies the allegations in Paragraph 38.

39. Intel admits that Plaintiff served in a master data test lead role on the IAO Transformation Program, that he had access to the program's IAODTM Jira defect register for program purposes, and that he participated in user acceptance testing. Intel lacks knowledge or information sufficient to form a belief about Plaintiff's "understanding" of the program's value or about the content of every presentation Plaintiff made, and therefore denies those allegations. Intel denies the remaining allegations in Paragraph 39.

40. Intel denies the allegations in Paragraph 40.

41. Intel admits that it issued Plaintiff a Permanent Written Warning on or about March 21, 2025, and admits that its records of Plaintiff's 2025 evaluations are in its possession. Intel refers to its performance records concerning Plaintiff for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel denies Plaintiff's characterization of his performance history, including that his evaluations were "uniformly positive," and denies the remaining allegations in Paragraph 41. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the reports Plaintiff claims to hold, and therefore denies them.

42. Intel admits that on March 21, 2025, its Workday system issued Plaintiff a notification containing the quoted language. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's forwarding of the notification to a personal email account, and on that basis denies them.

43. Intel admits that its written answers to Plaintiff's interrogatories served in the administrative contain the quoted language. Intel refers to those answers for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel avers that its decision to terminate Plaintiff's employment was based on the findings of its information security investigation. Intel denies the remaining

allegations in Paragraph 43.

44. Intel admits that Plaintiff received certain recognition during his employment, including in 2025. Intel denies that any such recognition is relevant to, or inconsistent with, the reasons for the termination of Plaintiff's employment, and denies the remaining allegations in Paragraph 44.

45. Intel denies, upon information and belief, that Plaintiff requested that Intel fund a CISSP certification for Plaintiff. Intel denies that the allegations in Paragraph 45 are relevant to Plaintiff's claim and denies the remaining allegations in Paragraph 45.

***B. What Intel's own performance system records***

46. Intel admits that its Workday system includes a report titled "CR-TAL-My Insights Yearly Summary." Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the reports Plaintiff claims to hold or how he generated them, and therefore denies them. Intel denies the remaining allegations in Paragraph 46.

47. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47, and therefore denies them.

48. Intel refers to its own performance records concerning Plaintiff for their complete and accurate contents and denies any allegation or characterization inconsistent therewith. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the content of the reports Plaintiff claims to hold, and therefore denies them. Intel denies the remaining allegations in Paragraph 48.

49. Intel refers to its own performance records concerning Plaintiff for their complete and accurate contents and denies any allegation or characterization inconsistent therewith. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the content of the reports Plaintiff claims to hold, and therefore denies them.

50. Intel refers to its own performance records concerning Plaintiff for their complete and accurate contents and denies any allegation or characterization inconsistent therewith. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the content of the reports Plaintiff claims to hold, and therefore denies them.

51. Intel refers to its own performance records concerning Plaintiff for their complete and accurate contents and denies any allegation or characterization inconsistent therewith. Intel denies that the quoted coaching comments are relevant to Plaintiff's claim, and denies the remaining allegations in Paragraph 51.

52. Intel admits that, in response to a request for admission served in the administrative proceeding, it asserted an objection that included the quoted language. Intel refers to its response for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel denies the remaining allegations in Paragraph 52.

53. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the content and scope of the three reports Plaintiff claims to hold, and therefore denies them. Intel admits that its 2025 performance records concerning Plaintiff are within its possession, custody, or control. Intel denies any remaining allegations in Paragraph 53.

***C. The program and what Plaintiff observed***

54. Intel admits that the IAODTM Jira defect register recorded a defect identified as IAODTM-2358. Intel denies Plaintiff's characterization of that defect, and denies that defect IAODTM-2358, or the disposition of any defect, reflects an unremediated segregation-of-duties condition in Intel's financial systems, a deficiency in Intel's internal controls over financial reporting, or any violation of law, and denies the remaining allegations in Paragraph 54.

55. Intel refers to the IAO Transformation Program defect register for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel denies that the assignment of a "Canceled" status to any defect reflects a failure of Intel's disclosure controls and procedures or internal control over financial reporting, or any violation of law, and denies the remaining allegations in Paragraph 55.

56. Intel admits that its interrogatory answer in the administrative proceeding identifies Ayyappadas and Jose Ramirez. Intel refers to that answer for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel denies the remaining allegations in Paragraph 56.

57. Intel admits that a SharePoint location was used in connection with the intake of master data requirements on the IAO Transformation Program, and that Om Saha was a program manager on that program and an addressee of Plaintiff's September 30, 2025 email. Intel denies that any program materials or statements falsely represented the existence or operation of any requirements intake mechanism. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning which materials Plaintiff reviewed and which meetings he attended, and therefore denies them. Intel denies the remaining allegations in Paragraph 57.

58. Intel denies, upon information and belief, that a leadership meeting was held on September 29, 2025, and that Plaintiff raised deficiencies attributed to the system integrator or proposed the use of artificial intelligence at any such meeting. Intel admits that on September 29, 2025, Plaintiff and his second-level leader were participants in a Microsoft Teams group communication consisting of a program status update, which did not refer to any deficiencies or to artificial intelligence. Intel refers to that communication for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 58, and therefore denies them.

59. Intel admits, on information and belief, that Plaintiff was granted access to a SharePoint location on or about September 30, 2025. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning what Plaintiff observed or the screenshots he captured, and on that basis denies them. Intel denies that the creation date of any SharePoint folder reflects when any intake process for master data requirements existed or operated, and denies any remaining allegations in Paragraph 59.

60. Intel admits that on or about September 25, 2025, a program manager in Intel's Insider Threat program identified concerning email activity involving Plaintiff through a review of Intel's information security email monitoring logs, and avers that this identification preceded Plaintiff's September 30, 2025 email. Intel admits that it has not produced to Plaintiff the document in which that observation was recorded. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's awareness, and therefore denies them. The allegation that five days separate September 25 and September 30, 2025 states an arithmetic computation to which no response is required; to the extent a response is required, Intel admits it. Intel denies the remaining allegations in Paragraph 60.

### *D. September 30, 2025: the disclosure*

61. Intel admits that on September 30, 2025, Plaintiff sent an email from his Intel account addressed to Om Saha and others, copying other Intel personnel, and attaching screenshots. Intel refers to that email for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel denies that any master data requirements intake structure had been falsely represented as operational, and denies the remaining allegations in Paragraph 61.

62. Intel lacks knowledge or information sufficient to form a belief about Plaintiff's subjective beliefs, and on that basis denies the allegations concerning them.

Intel denies that Plaintiff's September 30, 2025 email referred to any SEC rule, securities law, fraud, financial reporting, disclosure control, or internal control over financial reporting, denies that Plaintiff held a good-faith belief that the conduct he described violated any SEC rule, and denies any remaining allegations in Paragraph 62.

63. Intel denies the allegations in Paragraph 63, except admits that Plaintiff served as a Master Data Test Lead on the IAO Transformation Program and had access to the program's defect register, and refers to its responses to Paragraphs 38, 40, 54, 55, 57, and 59.

64. Intel admits that Plaintiff's September 30, 2025 email is retained within Intel's email systems and that Plaintiff's access to his Intel email account was suspended on September 30, 2025. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's ability to recall the time at which he sent the email, and therefore denies them. Intel denies the remaining allegations in Paragraph 64.

65. Intel admits that its August 17, 2026 answer to Plaintiff's Interrogatory No. 9 in the administrative proceeding identifies the addressees and copy recipients listed in Paragraph 65. Intel refers to that answer for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith.

66. Intel admits that Julie Fawdington and Candice S. Linnell were copy recipients of Plaintiff's September 30, 2025 email, that Ms. Fawdington was Plaintiff's manager, that Ms. Linnell was Plaintiff's second-level leader, and that each held supervisory authority over Plaintiff. The remaining allegations in Paragraph 66 state legal conclusions to which no response is required. To the extent a response is required, Intel denies that Plaintiff provided information protected by 18 U.S.C. § 1514A(a)(1)(C) to any person, and denies the remaining allegations in Paragraph 66.

67. Intel admits that Plaintiff does not plead any disclosure to the media or to

any person outside Intel as protected activity in this action. Intel lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 67, and therefore denies them, except that Intel avers that Plaintiff transmitted Intel information to non-Intel email accounts and devices.

***E. Intel's response the same day***

68. Intel admits that on September 30, 2025, its Information Security Global Incident Response team contacted Plaintiff in connection with an information security investigation; that Plaintiff was asked to remove Intel files from his personal computer and to run one or more commands on that computer; that Plaintiff's Intel system access was suspended; and that Plaintiff shipped his Intel-issued laptop and his personal laptop to Intel at Intel's request. Intel denies that the contact was made because of, or in response to, Plaintiff's September 30, 2025 email, and denies the remaining allegations in Paragraph 68.

69. Intel admits the allegations in Paragraph 69.

70. Intel admits that during the September 30, 2025 interview Plaintiff expressly admitted having Intel materials on his personal computer, and offered explanations for having them. Intel denies that Plaintiff was authorized to transfer or store those materials on a personal, non-Intel device, denies Plaintiff's characterization of Mr. Henderson's statements to the extent inconsistent with Plaintiff's admission described above, and denies the remaining allegations in Paragraph 70.

71. Intel admits that it requested that Plaintiff delete Intel materials from his personal computer and that it requested that Plaintiff ship his Intel computer and his personal computer to Intel. Intel denies the remaining allegations in Paragraph 71.

72. Intel admits that Plaintiff provided his devices to Intel. Intel denies that Plaintiff was coerced or that his continued employment was conditioned on surrendering his personal computer. Intel denies that Plaintiff told Mr. Henderson that he felt pressured

to surrender his personal computer in order to keep his job. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's subjective feelings, and therefore denies them. Intel denies the remaining allegations in Paragraph 72.

73. Intel admits that on the afternoon of September 30, 2025 it directed Plaintiff by email to ship his Intel-issued laptop and his personal laptop to Hillsboro, Oregon. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the precise time at which Plaintiff shipped the laptops, and therefore denies them.

74. Intel admits that its August 17, 2026 answer to Plaintiff's Interrogatory No. 6 in the administrative proceeding contains the quoted language, and admits that on September 30, 2025, Pacific Time and Arizona time were the same.

***F. The material on Plaintiff's personal computer***

75. Intel admits that on September 29, 2025, Plaintiff forwarded material from his Intel email account to a personal email account, including at the times alleged. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the contents of Plaintiff's personal brokerage statement, and therefore denies them. Intel denies that Paragraph 75 completely or accurately describes Plaintiff's transmission of Intel information to non-Intel accounts and devices, and denies the remaining allegations in Paragraph 75.

76. Intel admits that Plaintiff had Intel material on his personal computer. Intel denies that Plaintiff was authorized to transfer or store Intel material on his personal computer for the purposes he describes or for any other purpose, and denies the remaining allegations in Paragraph 76.

77. Intel admits that it has identified a file named "R1 MD Defects.xlsx," and admits, upon information and belief, that the file is an export of finance master data

defect records from Intel's defect-tracking system. Intel denies that any role Plaintiff may have played in creating or compiling the file authorized him to transfer it to or retain it on a personal, non-Intel device, and denies the remaining allegations in Paragraph 77.

78. Intel admits that in its written discovery responses served in the administrative proceeding it denied that Plaintiff's September 30, 2025 email identified or reported defects in the master data testing for Release 1 of the IAO Transformation Program. Intel refers to those answers for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith.

79. Intel refers to its performance records concerning Plaintiff and to its discovery responses in the administrative proceeding for their complete and accurate contents, and denies any allegation or characterization inconsistent therewith. Intel admits that it asserted a relevance objection to the referenced request for admission. Intel denies, upon information and belief, that in August 2025 Plaintiff requested, or Intel declined, funding for a further certification, and refers to its response to Paragraph 45. Intel denies that Plaintiff's certifications are relevant to the claims asserted in this action and denies the remaining allegations in Paragraph 79.

80. Intel admits that Plaintiff served the described interrogatory in the administrative proceeding and that Intel's August 17, 2026 answer asserted the quoted objection. Intel refers to that answer for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel denies that its objection was improper and denies the remaining allegations in Paragraph 80.

***G. Custody of the devices***

81. Intel admits that it took physical custody of Plaintiff's laptops on or about October 1, 2025, that it shipped Plaintiff's personal laptop back to him on October 4, 2025, and that the personal laptop arrived back to Plaintiff on October 6, 2025. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations

concerning the precise times at which the laptops left Plaintiff's possession or arrived back to him, and therefore denies them.

82. Intel admits that on October 3, 2025, Mr. Henderson and Plaintiff exchanged emails concerning the return shipment of Plaintiff's personal laptop. Intel refers to those emails for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith.

83. Intel admits that, in the course of its information security investigation, it created a forensic image of Plaintiff's personal laptop while the laptop was in Intel's custody, and that Intel retains that image. Intel refers to the November 3 and November 4, 2025 communications for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith.

84. Upon information and belief, Intel denies that it deleted, altered, or removed the referenced document from Plaintiff's personal laptop, and denies any implication to the contrary. Intel admits that Plaintiff does not assert in this action that any January 19, 2024 complaint constituted protected activity under 18 U.S.C. § 1514A. Intel lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 84, including the allegations concerning what Plaintiff did or did not locate on his personal laptop and the photographs and transcription he describes, and therefore denies them.

85. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85, and therefore denies them.

***H. The October 9, 2025 written request and what came back***

86. Intel admits that on October 8, 2025, Mr. Henderson sent the email described in Paragraph 86. Intel refers to that email for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith.

87. Intel admits that on October 9, 2025, Plaintiff sent an email to Mr.

Henderson and Ms. Amial under the quoted subject line. Intel refers to that email for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith.

88. Intel refers to Plaintiff's October 9, 2025 email for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith.

89. Intel refers to Plaintiff's October 9, 2025 email for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith.

90. Intel admits that Mr. Henderson replied to Plaintiff's October 9, 2025 email on the morning of October 9, 2025. Intel refers to that reply for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith.

91. Intel refers to Mr. Henderson's October 9, 2025 reply for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel denies that it was obligated to provide the information Plaintiff requested in the form Plaintiff demanded, and denies the remaining allegations in Paragraph 91.

92. Intel admits that Mr. Henderson sent a calendar cancellation on October 9, 2025, and that on October 14, 2025 Mr. Henderson requested, and Plaintiff provided, contact information for Plaintiff's legal counsel. Intel refers to those communications for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel denies the remaining allegations in Paragraph 92.

93. Intel admits that neither Mr. Henderson nor Ms. Amial provided Plaintiff a written response itemizing each of the four demands described in Paragraph 88. Intel avers that, after Plaintiff identified his legal counsel, subsequent communications concerning remediation of Intel data on Plaintiff's personal device occurred with the participation of counsel for both sides, as Paragraph 94 of the Complaint reflects. Intel denies that it was obligated to provide the information Plaintiff demanded, and denies the remaining allegations in Paragraph 93. The allegation concerning the number of days

between October 9, 2025 and the filing of the Complaint states an arithmetic computation to which no response is required.

***I. November 3 and November 4, 2025***

94. Intel admits that on November 3, 2025, Mr. Henderson sent an email containing the quoted language, copying counsel for both sides. Intel refers to that email for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith.

95. Intel admits that on November 4, 2025, Mr. Henderson sent an email containing the quoted language. Intel refers to that email for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith.

96. Intel admits that it retains a forensic image of Plaintiff's personal laptop and that it has the capability to search that image. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning which messages Plaintiff holds, and therefore denies them. Intel denies the remaining allegations in Paragraph 96, including any implication that Intel is obligated to conduct searches of the image at Plaintiff's demand.

97. Intel admits that, in early November 2025, communications concerning remediation of Intel data on Plaintiff's personal device took place among Plaintiff, Mr. Henderson, Plaintiff's then-counsel, and counsel for Intel. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the specific meeting title, meeting identification number, and times alleged in Paragraph 97, and therefore denies them.

98. Intel denies that any Intel investigator stated that the data at issue was non-confidential. Intel admits that it has stated in the administrative proceeding that it has not located any recording or transcription of the referenced meeting. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning

Plaintiff's recollection, and therefore denies them. The remaining allegations in Paragraph 98 purport to characterize records that speak to their own contents; to the extent a response is required, Intel denies the remaining allegations in Paragraph 98.

99. Intel admits that, on or about November 3, 2025, Intel requested that Plaintiff delete Intel files from his personal device as part of the remediation of Intel data. Intel denies the remaining allegations in Paragraph 99.

100. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the documents Plaintiff holds, and therefore denies them. Intel admits that it has stated in the administrative proceeding that it has not located an attendee list for the referenced meeting.

101. Intel admits that its written discovery responses served in the administrative proceeding identify an email dated November 5, 2025 from Mr. Henderson bearing the subject line "InfoSec Investigation - Termination recommendation," and admits that it has not produced that email to Plaintiff. The allegation that November 5, 2025 is the thirty-sixth day after September 30, 2025 states an arithmetic computation to which no response is required; to the extent a response is required, Intel admits it. Intel denies that the timing supports any inference of retaliation and denies the remaining allegations in Paragraph 101.

***J. November 6, 2025***

102. Intel admits that on November 6, 2025 it terminated Plaintiff's employment, and that the termination was communicated to Plaintiff orally by Ana Amial, a Human Resources Business Partner, who informed Plaintiff that his termination related to Intel data that had been found on his personal computer. The allegation that November 6, 2025 is the thirty-seventh day after September 30, 2025 states an arithmetic computation to which no response is required; to the extent a response is required, Intel admits it. Intel denies the remaining allegations in Paragraph 102.

103. Intel admits that it did not provide Plaintiff with a written termination letter. Intel avers that it informed Plaintiff of the reason for his termination orally on November 6, 2025, denies that Plaintiff was not informed of the reason for his termination, and denies the remaining allegations in Paragraph 103.

104. Intel admits that on November 6, 2025, Ms. Amial sent Plaintiff an email under the subject "Resources" attaching the two referenced files. Intel refers to that email and its attachments for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith.

105. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105, including the allegations concerning to whom Plaintiff forwarded the message and what he wrote, and therefore denies them.

106. Intel admits that on November 6, 2025, Ms. Amial sent Plaintiff an email attaching a file named "TSAF-Franck Nanie.docx" and requesting that he review, sign, and return the TSAF. Intel refers to that email for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith.

107. Intel admits, upon information and belief, that Plaintiff replied to Ms. Amial on the evening of November 6, 2025. Intel refers to that reply for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's whereabouts, and therefore denies them.

108. Intel admits that the document attached to Ms. Amial's email is titled "TRADE SECRET ACKNOWLEDGMENT FORM ('TSAF')," and admits that Plaintiff executed it. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the copies Plaintiff holds, and therefore denies them.

109. Intel admits that, before sending the TSAF to Plaintiff, it populated the form with Plaintiff's name, employee identification number, date of termination, and

country/region code. Intel refers to the TSAF and Ms. Amial's November 6, 2025 email for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel denies the remaining allegations in Paragraph 109.

110. Intel admits that Plaintiff signed and returned the TSAF on November 6, 2025 and that Julie Fawdington countersigned it on November 6, 2025. Intel refers to the TSAF for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith.

111. Intel refers to the TSAF for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith.

112. Intel refers to the TSAF for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith.

113. Intel refers to the TSAF for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel denies Plaintiff's characterization of the TSAF. Intel avers that the TSAF's schedule of categories is not designed to, and does not, identify the specific documents or files a departing employee possesses or has retained, and that the markings on the schedule do not constitute a determination that Plaintiff did not access, possess, retain, or transfer Intel Confidential Information. Intel denies the remaining allegations in Paragraph 113.

114. Intel refers to the TSAF for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel denies the remaining allegations in Paragraph 114.

115. Intel admits that an Intel manager countersigned the TSAF, and refers to its response to Paragraph 109 regarding the information Intel entered on the form. Intel refers to the TSAF for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel denies Plaintiff's characterization of the TSAF, denies that the markings on the form's schedule reflect any determination by Intel

concerning the Intel information Plaintiff accessed, possessed, retained, or transferred, denies that the markings on the form are inconsistent with the reason for Plaintiff's termination, and denies the remaining allegations in Paragraph 115. Intel admits that Plaintiff does not plead that no Intel Confidential Information existed.

116. Intel refers to the TSAF for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith.

117. Intel refers to the TSAF for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel avers that the quoted notice reflects the immunity notice provided under 18 U.S.C. § 1833(b) and denies that it has any bearing on whether Plaintiff engaged in protected activity under 18 U.S.C. § 1514A.

118. Intel refers to the TSAF for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel admits that Plaintiff signed and returned the TSAF on the day it was sent to him.

119. Intel admits, subject to and consistent with its responses to Paragraphs 68 through 99 above, that on September 30, 2025, Intel had requested that Plaintiff remove Intel files from his personal computer and run certain commands on that computer; on September 30, 2025, Intel had directed Plaintiff to ship his Intel-issued laptop and his personal laptop to Oregon, and he had done so; Intel had held the laptops for a period in early October 2025; Intel had created a forensic image of Plaintiff's personal laptop; and, on or about November 3, 2025, Intel had requested that Plaintiff delete additional Intel files from his personal device. Intel denies Plaintiff's characterizations of these events and denies the remaining allegations in Paragraph 119.

***K. After the termination***

120. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 120, and therefore denies them.

121. Intel admits, upon information and belief, that on or about November 20, 2025, Intel's third party unemployment claims administrator contested Plaintiff's claim for unemployment insurance benefits on the ground that Plaintiff was discharged for misconduct. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the Arizona Department of Economic Security's disposition of Plaintiff's claim, and therefore denies them. Intel denies that any such determination is binding on, or relevant to the merits of, this action. Intel avers that it communicated the reason for Plaintiff's termination to him orally on November 6, 2025, and denies the remaining allegations in Paragraph 121.

122. Intel admits that Plaintiff's annual base salary at the time of his separation was approximately $196,000. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's employment status and efforts to obtain employment since November 6, 2025, and therefore denies them. Intel denies the remaining allegations in Paragraph 122.

***L. What Intel has said, and what Intel has not said***

123. Intel admits that, in the administrative proceeding, it served responses to Plaintiff's requests for admission on or about August 14, 2026, answers to his interrogatories and responses to his requests for production on or about August 17, 2026, and further answers on or about September 23, 2026.

124. Intel admits that the referenced discovery responses bear the signature of its counsel of record and a certificate of service, and that on August 24, 2026, Plaintiff served a written conferral letter. Intel refers to that correspondence for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. The remaining allegations in Paragraph 124 state legal conclusions to which no response is required. To the extent a response is required, Intel denies that its discovery responses in the administrative proceeding constitute binding judicial

admissions in this action, and denies the remaining allegations in Paragraph 124.

125. Intel admits that its August 17, 2026 interrogatory answers in the administrative proceeding state that "Intel's investigation is ongoing" and reserve the right to supplement. Intel refers to those answers for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel denies the remaining allegations in Paragraph 125.

126. Intel denies Plaintiff's characterization of the parties' discovery communications in the administrative proceeding, and denies the allegations in Paragraph 126.

127. Intel admits that Plaintiff served the described Interrogatory No. 1 in the administrative proceeding and that Intel's answer identified four individuals. Intel refers to that answer for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel denies the remaining allegations in Paragraph 127.

128. Intel admits that it objected to Plaintiff's Interrogatory No. 19 and refers to its answer for its complete contents. Intel denies any remaining allegations in Paragraph 128.

129. Intel admits that it has identified an Information Security Investigative Summary Report designated CASE0162921 and a Forensic Examination Report designated GFREQ0024614, and admits that it has not produced either document to Plaintiff. Intel avers that those documents contain confidential information and that Intel has conditioned production of confidential materials on the entry of an appropriate protective order. Intel denies the remaining allegations in Paragraph 129.

130. Intel admits that Plaintiff served the described requests in the administrative proceeding and that Intel objected to them. Intel refers to its responses for the full and accurate contents thereof and denies any allegation or characterization inconsistent

therewith. Intel denies that its objections were improper and denies the remaining allegations in Paragraph 130.

**VI. THE RECORDS OF PLAINTIFF'S EMPLOYMENT ARE IN INTEL'S EXCLUSIVE POSSESSION**

131. Intel admits that it suspended Plaintiff's access to Intel systems on September 30, 2025, and that Plaintiff has not had access to Intel systems since that date. Intel denies that the timing of the suspension relative to Plaintiff's email supports any inference of retaliation. Intel lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning what material Plaintiff holds, and therefore denies them. Intel denies that Plaintiff is or was entitled to retain Intel records outside Intel's systems, and denies the remaining allegations in Paragraph 131.

132. Paragraph 132 is an introductory statement to which no response is required. To the extent a response is required, Intel incorporates its responses to Paragraphs 133 through 143.

133. Intel admits that it maintains the Intel email account it provided to Plaintiff, subject to its retention policies. Intel denies Plaintiff's characterization of the contents of that account, including the characterization of any message as an "escalation" concerning "deficiencies," and denies any remaining allegations in Paragraph 133.

134. Intel admits that Plaintiff's September 30, 2025 email is within its possession, custody, or control. Intel denies the remaining allegations in Paragraph 134.

135. Intel lacks knowledge or information sufficient to form a belief about the existence and contents of the materials described in Paragraph 135, and on that basis denies them, except admits that any such materials maintained on Intel systems are within its possession, custody, or control. Intel denies the remaining allegations in Paragraph 135.

136. Intel lacks knowledge or information sufficient to form a belief about the

existence and contents of the message described in Paragraph 136, and on that basis denies the allegations, except admits that any such message maintained on Intel systems is within its possession, custody, or control. Intel denies the remaining allegations in Paragraph 136.

137. Intel admits that records in its employee recognition system are within its possession, custody, or control, and denies any remaining allegations in Paragraph 137.

138. Intel admits that the IAODTM Jira defect register is within its possession, custody, or control, and refers to its responses to Paragraphs 54 and 55. Intel denies Plaintiff's characterization of those records and denies the remaining allegations in Paragraph 138.

139. Intel admits that its records of Plaintiff's evaluations, including for 2025, are in its possession, custody, or control, and that Plaintiff no longer has access to Intel's Workday system. Intel admits that it maintains records relating to Plaintiff's employment. Intel denies Plaintiff's characterization of those records, denies that every record described in Paragraph 139 exists in the form or with the content Plaintiff alleges, and denies the remaining allegations in Paragraph 139.

140. Intel admits that it maintains records relating to Plaintiff's employment, including data generated by its Microsoft 365 platform, subject to its applicable retention practices. Intel denies Plaintiff's characterization of those records, denies that every record described in Paragraph 140 exists in the form or with the content Plaintiff alleges, and denies the remaining allegations in Paragraph 140.

141. Intel admits that it maintains records relating to Plaintiff's employment, including SharePoint data, subject to its applicable retention practices. Intel denies Plaintiff's characterization of those records, denies that every record described in Paragraph 141 exists in the form or with the content Plaintiff alleges, and denies the remaining allegations in Paragraph 141.

142. Intel admits that it retains the forensic image of Plaintiff's personal laptop. Intel admits that it maintains records relating to Plaintiff's employment. Intel denies Plaintiff's characterization of those records, denies that every record described in Paragraph 142 exists in the form or with the content Plaintiff alleges, and denies the remaining allegations in Paragraph 142.

143. Intel admits that the Information Security Investigative Summary Report designated CASE0162921 and the Forensic Examination Report designated GFREQ0024614 are in its possession, custody, or control. Intel denies the remaining allegations in Paragraph 143.

144. Intel admits that it asserted objections to Plaintiff's discovery requests in the administrative proceeding and that it has conditioned production of confidential materials on the entry of an appropriate protective order. Intel refers to its discovery responses for the full and accurate contents thereof and denies any allegation or characterization inconsistent therewith. Intel denies that its objections were improper and denies the remaining allegations in Paragraph 144.

## VII. THE LEGAL STANDARD

### *A. The elements and the burdens*

145. Paragraph 145 states legal conclusions to which no response is required. To the extent a response is required, Intel refers to the cited authorities for their complete and accurate contents and denies any characterization inconsistent therewith. Intel denies that Plaintiff has alleged or can establish any element of a claim under 18 U.S.C. § 1514A.

146. Paragraph 146 states legal conclusions to which no response is required. To the extent a response is required, Intel refers to the cited authority for its holding and denies any characterization inconsistent therewith. Intel denies that Plaintiff is entitled to relief.

147. Paragraph 147 states legal conclusions to which no response is required. To

the extent a response is required, Intel refers to the cited authorities for their complete and accurate contents and denies any characterization inconsistent therewith. Intel denies that Plaintiff can show that any protected activity was a contributing factor in any unfavorable personnel action, and avers that it would have taken the same actions in the absence of any alleged protected activity.

148. Paragraph 148 states legal conclusions to which no response is required. To the extent a response is required, Intel refers to the cited decision for its complete and accurate contents and denies any characterization inconsistent therewith. Intel avers that it would have taken the same actions in the absence of any alleged protected activity.

***B. The standard governing protected activity in this Circuit***

149. Paragraph 149 states legal conclusions to which no response is required. To the extent a response is required, Intel refers to the cited authorities for their complete and accurate contents and denies any characterization inconsistent therewith. Intel admits that Plaintiff pleads only a disclosure made to persons inside Intel, and denies that the disclosure constituted protected activity.

150. Paragraph 150 states legal conclusions to which no response is required. To the extent a response is required, Intel refers to the cited decisions for their complete and accurate contents and denies any characterization inconsistent therewith. Intel avers that, under the authorities Plaintiff cites, the employee's belief must be objectively reasonable, and denies that Plaintiff's belief was objectively reasonable.

151. Paragraph 151 states legal conclusions to which no response is required. To the extent a response is required, Intel refers to the cited decision for its complete and accurate contents and denies any characterization inconsistent therewith.

152. Paragraph 152 states legal conclusions to which no response is required. To the extent a response is required, Intel denies that the conduct described in Paragraphs 54 through 63 of the Complaint constitutes misconduct of any kind enumerated in 18 U.S.C.

§ 1514A(a)(1), and denies the remaining allegations in Paragraph 152.

153. Paragraph 153 states legal conclusions to which no response is required. To the extent a response is required, Intel admits that Plaintiff's September 30, 2025 email referred to a master data requirements intake mechanism for the IAO Transformation Program and attached screenshots. Intel denies that Plaintiff's email identified any violation of any rule or regulation of the Securities and Exchange Commission or other provision enumerated in 18 U.S.C. § 1514A(a)(1), and denies the remaining allegations in Paragraph 153.

154. Intel admits that Plaintiff sent his September 30, 2025 email to the addressees and copy recipients identified in Paragraph 65 of the Complaint, including his manager and his second-level leader. Intel denies the remaining allegations in Paragraph 154.

155. Intel denies that the folder or intake mechanism described in Plaintiff's email was a control over financial reporting, denies that Intel has an enterprise Record of Origin framework of the kind Plaintiff purports to describe, and denies the remaining allegations in Paragraph 155.

156. Paragraph 156 states Plaintiff's intentions regarding future briefing, to which no response is required.

## VIII. COUNT ONE

## RETALIATION IN VIOLATION OF 18 U.S.C. SECTION 1514A

157. Intel incorporates by reference its responses to Paragraphs 1 through 156 as though fully set forth herein.

158. Intel admits that it is a company within the meaning of 18 U.S.C. § 1514A(a), that it has a class of securities registered under Section 12 of the Securities Exchange Act of 1934, and that Plaintiff was an employee of Intel during his employment. Intel denies that Plaintiff any activity protected by 18 U.S.C. § 1514A,

denies any liability to Plaintiff, and denies the remaining allegations in Paragraph 158.

159. Intel denies the allegations in Paragraph 159.

160. Intel admits that its answer to Interrogatory No. 9 in the administrative proceeding identifies three addressees and eight copy recipients of Plaintiff's September 30, 2025 email, including Julie Fawdington and Candice Linnell. Intel denies that it knew of any protected activity, because Plaintiff's email did not constitute protected activity. Intel further denies that its Global Incident Response team contacted Plaintiff about, or because of, the contents of his September 30, 2025 email, and avers that the information security review that led to that contact began on or about September 25, 2025, before Plaintiff sent the email. Intel denies the remaining allegations in Paragraph 160

161. Intel admits that it suspended Plaintiff's access to Intel systems on September 30, 2025 at approximately 5:22 p.m. Pacific Time, that it took custody of Plaintiff's personal laptop after Plaintiff shipped it to Intel at Intel's request, that Plaintiff was the subject of an information security investigation, and that it terminated Plaintiff's employment on November 6, 2025. Intel denies that the suspension of system access pending investigation, the custody of Plaintiff's personal laptop, or the investigation itself constitutes an actionable unfavorable personnel action; denies that any claim based on actions taken more than 180 days before April 8, 2026 is timely; denies that those actions were part of a single course of conduct culminating in Plaintiff's termination; and denies the remaining allegations in Paragraph 161.

162. Intel admits that, on September 30, 2025, it directed Plaintiff to ship his Intel-issued laptop and his personal laptop to Oregon and suspended his access to Intel systems at approximately 5:22 p.m. Pacific Time; that its records include an internal termination recommendation dated November 5, 2025; and that it terminated Plaintiff's employment on November 6, 2025. Intel denies that any protected activity was a contributing factor in any unfavorable personnel action, avers that the information

security review that led to these actions began on or about September 25, 2025, before Plaintiff's September 30, 2025 email, denies that Plaintiff delivered Intel's enterprise resource planning production cutover, refers to its responses to Paragraphs 40, 41, and 44, and denies the remaining allegations in Paragraph 162.

163. Intel admits that its discovery responses in the administrative proceeding contain the language quoted in Paragraph 163, and incorporates its responses to Paragraphs 6, 43, 52, 103, and 121 above. Intel denies that it has "disclaimed" the reason for Plaintiff's termination, avers that Plaintiff was terminated based on the findings of its information security investigation concerning Plaintiff's transfer and retention of Intel information on personal, non-Intel accounts and devices, and denies the remaining allegations in Paragraph 163.

164. Intel admits that it objected to the requests described in Paragraph 164. Intel denies any remaining allegations in Paragraph 164.

165. Intel incorporates its responses to Paragraphs 7 and 108 through 118 above. Intel denies Plaintiff's characterization of the TSAF and denies the remaining allegations in Paragraph 165.

166. Intel denies the allegations in Paragraph 166, and avers that it would have taken the same actions with respect to Plaintiff in the absence of any alleged protected activity.

167. Intel denies the allegations in Paragraph 167 and denies any liability to Plaintiff.

## IX. DEMAND FOR JURY TRIAL

168. Paragraph 168 is a jury demand to which no response is required. To the extent a response is required, Intel admits that 18 U.S.C. § 1514A(b)(2)(E) provides that a party to an action brought under 18 U.S.C. § 1514A(b)(1)(B) is entitled to trial by jury, and denies that Plaintiff is entitled to any relief.

## X. PRAYER FOR RELIEF

Defendant denies it is liable to Plaintiff in any way. Defendant further denies that Plaintiff is entitled to any relief. Defendant denies all other allegations contained in the "Prayer for Relief" section of the Complaint.

WHEREFORE, having fully answered the Complaint, Defendant Intel Corporation respectfully requests that the Court:

A. Dismiss the Complaint, and each claim asserted therein, in its entirety and with prejudice;

B. Order that Plaintiff take nothing by way of the Complaint and enter judgment in favor of Intel and against Plaintiff on all claims;

C. Award Intel its taxable costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920;

D. Award Intel its reasonable attorneys' fees and expenses to the extent permitted by law, including under 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, or the Court's inherent authority; and

E. Grant Intel such other and further relief as the Court deems just and proper.

## GENERAL DENIAL

Any allegations not specifically admitted, explained, modified, or denied above are expressly denied.

## AFFIRMATIVE DEFENSES

Subject to and without waiving any prior objections, waivers, or defenses, and without accepting any burden of proof on the matter, Defendant alleges the following separate defenses to the Complaint:

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff did not engage in activity protected by 18 U.S.C. § 1514A(a)(1).

3. To the extent Plaintiff held any belief that the conduct described in his September 30, 2025 email constituted a violation of 17 C.F.R. §§ 240.13a-14, 240.13a-15, or 240.13b2-1, or of any other provision enumerated in 18 U.S.C. § 1514A(a)(1), that belief was not objectively reasonable.

4. Plaintiff's claim is barred, in whole or in part, by the 180-day limitations period of 18 U.S.C. § 1514A(b)(2)(D) and 29 C.F.R. § 1980.103(d). Plaintiff filed his administrative complaint on April 8, 2026 (Compl. ¶ 15). Any claim premised on an unfavorable personnel action occurring on or before October 9, 2025 is therefore untimely.

5. Plaintiff's claim is barred, in whole or in part, to the extent it rests on any protected activity, unfavorable personnel action, factual theory, or legal theory that was not presented in his administrative complaint to OSHA and investigated and addressed in the Secretary's Findings.

6. Plaintiff's claim is barred, in whole or in part, to the extent Plaintiff has failed to satisfy the conditions precedent to bringing and maintaining an action under 18 U.S.C. § 1514A(b)(1)(B) and 29 C.F.R. § 1980.114, including, without limitation, the requirement of 29 C.F.R. § 1980.114(b) that a complainant file, at least fifteen days before filing a complaint in federal court, a notice of intention to file such complaint with the Administrative Law Judge before whom the proceeding is pending, and the filing and service requirements of 29 C.F.R. § 1980.114(c).

7. Plaintiff's claim is barred, in whole or in part, because the Intel personnel who initiated the information security review of Plaintiff's email activity, and who conducted the resulting investigation, did not know of any alleged protected activity by Plaintiff when they acted.

8. Intel would have taken the same actions with respect to Plaintiff, including suspending his system access, requesting the return of Intel information and devices,

investigating his conduct, and terminating his employment, in the absence of any alleged protected activity.

9. Every action Intel took with respect to Plaintiff was taken for legitimate, non-retaliatory business reasons unrelated to any alleged protected activity, and any alleged protected activity was not a contributing factor in any unfavorable personnel action.

10. Plaintiff's claim is barred, in whole or in part, to the extent it rests on actions that do not constitute unfavorable personnel actions within the meaning of 18 U.S.C. § 1514A(a).

11. Plaintiff's claim for relief is barred or limited by the after-acquired evidence doctrine to the extent Intel has discovered or discovers evidence of misconduct by Plaintiff, including the transfer, retention, or use of Intel information outside Intel's systems, that would have led to the termination of his employment had Intel known of it.

12. Plaintiff's claim for damages is barred or must be reduced to the extent Plaintiff has failed to exercise reasonable diligence to mitigate his alleged damages, including by seeking and accepting substantially equivalent employment.

13. Any recovery by Plaintiff must be reduced or offset by any interim earnings, compensation, or benefits Plaintiff has received or with reasonable diligence could have received, and by any amounts paid to Plaintiff by Intel, to the extent permitted by law.

14. Plaintiff's remedies, if any, are limited to those authorized by 18 U.S.C. § 1514A(c).

15. Plaintiff's claims for equitable relief, including reinstatement, are barred, in whole or in part, by the doctrine of unclean hands.

16. Intel has not knowingly or intentionally waived any applicable defense, and reserves the right to assert and rely upon such other defenses as may become available or apparent during discovery, and to amend this Answer accordingly.

Dated: November 12, 2026

**ASHURST PERKINS COIE US LLP**

By: */s/ Isabella Stoutenburg*

Paul E. Smith (#038254)
Isabella Stoutenburg (#038642)
2525 E. Camelback Road, Suite 500
Phoenix, AZ 85016-4227
paul.smith@ashurstperkins.com
bella.stoutenburg@ashurstperkins.com

*Attorneys for Defendant Intel Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2026, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

I hereby certify that on November 12, 2026, I served the attached document by first class mail on the following, who are not registered participants of the CM/ECF System:

Franck Olivier Nanie
1001 W. Macaw Drive
Queen Creek, AZ 85140
602.919.4860
fnanie@gmail.com

*s/ Amy Robinson-Allen*